**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE LUIS CORTES-SANCHEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-25-CV-645-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Jose Luis Cortes-Sanchez's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1.  Cortes-Sanchez is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas.  *Id.* ¶¶ 4, 15, 24.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing.  *Id.* ¶¶ 11–14, 62–73; *id.* at 18.

Cortes-Sanchez has been in the country for approximately twenty-one years and was apprehended and detained by immigration authorities for the first time on November 1, 2025.  *Id.* ¶¶ 1–3, 15.  In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Cortes-Sanchez's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)."  Show Cause Order 1.  The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Cortes-Sanchez's case warrant a different outcome."  *Id.*

Respondents declined the invitation.  *See generally* Resp., ECF No. 3.  In the Response, they do not reference *Martinez*, much less explain why the Court's reasoning there does not

compel the same result here.  *See generally id.*  Other than a single citation as contrary authority, Respondents do not discuss, or even mention, any of this Court's many recent immigration habeas decisions.  *See id.* at 7–8 ("That the alien in *Thuraissigiam* failed to request his own release in his prayer for relief does not make the holding any less binding here.  *But see Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025).").

Instead, Respondents offer boilerplate.  Throughout its many decisions on this topic, the Court has rejected nearly all of the legal arguments raised in the Response.[1]  *Compare* Resp. 1–12, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13.  It is Respondents' prerogative to preserve these arguments for appeal.  Nevertheless, where they make no new legal arguments and no effort to distinguish the facts of this case from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Cortes-Sanchez's Petition is **GRANTED IN PART** on procedural due process grounds.

---

[1] Respondents make a novel argument that an order issued in an immigration habeas proceeding in the Central District of California is not preclusive and does not separately entitle Cortes-Sanchez to the relief he requests.  *See* Resp. 11–12.  Respondents are likely correct, but the Court need not reach this issue because it finds that Cortes-Sanchez succeeds on his own procedural due process claim, assessed independently of the California decision.

[2] The material facts are undisputed, *see* Resp. 1–2, and the Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

The Court **ORDERS** that, <u>**on or before December 31, 2025**</u>, Respondents shall either: (1) provide Cortes-Sanchez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Cortes-Sanchez's continued detention; or (2) release Cortes-Sanchez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before December 31, 2025**</u>, Respondents shall **FILE** notice informing the Court whether Cortes-Sanchez has been released from custody. If Cortes-Sanchez has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>**There will be no extensions of the December 31, 2025, deadlines.**</u>

**SO ORDERED**.

**SIGNED this 22nd day of December, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE